UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

| | |
|---|---|
| **TYRONE HENDERSON,**<br>**For himself and on behalf of all**<br>**similarly situated individuals.**<br><br>            Plaintiff,<br><br>    v.<br><br>**INTERSTATE BRANDS CORPORATION,**<br><br>            Defendant. | Civil Action No.:  3:11-cv-507-REP<br><br>Judge:  The Honorable Robert E. Payne |

## ANSWER OF DEFENDANT INTERSTATE BRANDS CORPORATION

NOW COMES Defendant Interstate Brands Corporation ("IBC"), by and through its undersigned counsel, for its Answer to the Class Complaint of Plaintiff Tyrone Henderson, for himself and on behalf of all similarly situated individuals ("Complaint"), states: IBC denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below.  In response to the numbered paragraphs in the Complaint, IBC avers as follows:

### INTRODUCTION

1. Tyrone Henderson purports to bring claims against IBC for himself, and on behalf of all similarly situated individuals, pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").  IBC states that these are legal conclusions, which are not subject to denial or admission.  IBC admits that Plaintiff applied for a job.  Except where specifically admitted, IBC denies the remaining allegations contained in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. In response to paragraph 2 of the Complaint, IBC admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331. IBC admits that Plaintiff has also alleged that venue is proper pursuant to 28 U.S.C. § 1391(b). IBC states that these are legal conclusions, which are not subject to denial or admission. IBC admits that it does business in the Commonwealth of Virginia. IBC denies the remaining allegations in paragraph 2 of the Complaint.

3. In response to paragraph 3 of the Complaint, IBC admits that it is authorized to conduct business and does engage in business in the Commonwealth of Virginia. Except as specifically admitted, IBC denies the allegations contained in paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, IBC admits that it is authorized to conduct business and does engage in business in the Commonwealth of Virginia. Except as specifically admitted, IBC denies the allegations contained in paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, IBC admits that it is authorized to conduct business and does engage in business in the Commonwealth of Virginia. Except as specifically admitted, IBC denies the allegations contained in paragraph 5 of the Complaint.

6. IBC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint and therefore denies the same.

7. IBC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint and therefore denies the same.

## PARTIES

8. In response to paragraph 8, IBC states that whether Plaintiff is a "consumer" is a legal conclusion which is not subject to denial or admission. IBC denies the remaining allegations contained in paragraph 8 of the Complaint.

9. IBC admits that it is a wholly owned subsidiary of Hostess Brands, Inc., and that IBC's principal place of business is the State of Texas. IBC admits that it conducts business throughout the United States. IBC denies the remaining allegations contained in paragraph 9 of the Complaint.

10. In response to paragraph 10, IBC states that whether it is a "user" is a legal conclusion which is not subject to denial or admission. IBC denies the remaining allegations contained in paragraph 10 of the Complaint. IBC denies that this action may properly be maintained as a class action.

11. IBC admits that Verifications Inc. ("Verifications") supplied a report on Plaintiff Tyrone Henderson. Except as specifically admitted, IBC denies the allegations contained in paragraph 11 of the Complaint. IBC denies that this action may properly be maintained as a class action.

12. In response to paragraph 12, IBC lacks knowledge or information sufficient to form a belief about the truth or falsity of conduct related to any third-party, including Verifications, and therefore denies the same.

13. IBC admits that at the time Verifications supplied a report on Plaintiff, IBC understood Verifications to be engaged in the business of assembling, evaluating, and disbursing information on employment applicants. Except as specifically admitted, IBC lacks knowledge or information sufficient to form a belief about the truth or falsity of conduct related to any third-party, including Verifications, and therefore denies the same.

14. IBC denies the allegations in paragraph 14 of the Complaint. IBC denies that this action may properly be maintained as a class action.

15. IBC denies the allegations in paragraph 15 of the Complaint.

## FACTS

16.     IBC admits that Plaintiff applied for a position as a Night Packer Loader on or about August 3, 2009.  IBC states that Plaintiff signed the "Interstate Brands Corporation Consumer Report/Investigative Consumer Report Disclosure and Release of Information Authorization."  Except as specifically admitted, IBC denies the allegations contained in paragraph 16 of the Complaint.

17.     IBC denies the allegations in paragraph 17 of the Complaint.

18.     IBC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 and therefore denies the same.

19.     IBC admits that Plaintiff was not offered employment.  Except as specifically admitted, IBC denies the remaining allegations contained in this paragraph.

20.     IBC admits that it received a report from Verifications titled "Background Investigation Report."  Except as specifically admitted, IBC denies the remaining allegations contained in this paragraph.

21.     IBC admits that it received a report from Verifications titled "Background Investigation Report."  Except as specifically admitted, IBC denies the remaining allegations contained in this paragraph.

22.     IBC states that on August 3, 2009, Plaintiff executed or signed an "Interstate Brands Corporation Consumer Report/Investigative Consumer Report Disclosure and Release of Information Authorization."  Except as specifically admitted, IBC denies the remaining allegations contained in this paragraph.

23.     IBC denies the allegations contained in paragraph 23 of the Complaint.

24.     IBC denies the allegations contained in paragraph 24 of the Complaint.

25. IBC admits that it did not hire Plaintiff for employment. Except as specifically admitted, IBC denies the allegations contained in paragraph 25 of the Complaint.

26. IBC denies the allegations contained in paragraph 26 of the Complaint.

27. IBC denies the allegations contained in paragraph 27 of the Complaint.

28. IBC denies the allegations contained in paragraph 28 of the Complaint.

29. IBC states that this paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed required, IBC avers that the statute is self explanatory.

30. IBC states that this paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed required, IBC denies the allegations contained in this paragraph.

31. IBC denies the allegations contained in paragraph 31 of the Complaint.

32. IBC denies the allegations contained in paragraph 32 of the Complaint.

33. IBC denies the allegations contained in paragraph 33 of the Complaint.

34. IBC denies the allegations contained in paragraph 34 of the Complaint.

35. IBC denies the allegations contained in paragraph 35 of the Complaint.

36. IBC denies the allegations contained in paragraph 36 of the Compliant.

37. IBC denies the allegations contained in paragraph 37 of the Complaint.

### COUNT ONE: VIOLATION OF THE FCRA § 1681b(b)(3)(A)

38. IBC incorporates its responses to the allegations contained in paragraphs 1-37 as if fully set forth herein.

39. IBC admits that Plaintiff purports to bring this action pursuant to Federal Rule of Civil Procedure 23. This is a legal conclusion, which is not subject to denial or admission. IBC

denies that this action may properly be maintained as a class action. Except as specifically admitted, IBC denies the remaining allegations in paragraph 39 of the Complaint.

40. IBC admits that Plaintiff claims the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1) is present and satisfied. This is a legal conclusion, which is not subject to denial or admission. IBC denies that this action may properly be maintained as a class action. Except as specifically admitted, IBC denies the remaining allegations in paragraph 40 of the Complaint.

41. IBC admits that Plaintiff claims the commonality requirement of Federal Rule of Civil Procedure 23(a)(2) is present and satisfied. This is a legal conclusion, which is not subject to denial or admission. IBC denies that this action may properly be maintained as a class action. Except as specifically admitted, IBC denies the remaining allegations in paragraph 41 of the Complaint.

42. IBC admits that Plaintiff claims the typicality requirement of Federal Rule of Civil Procedure 23(a)(3) is present and satisfied. This is a legal conclusion, which is not subject to denial or admission. IBC denies that this action may properly be maintained as a class action. Except as specifically admitted, IBC denies the remaining allegations in paragraph 42 of the Complaint.

43. IBC admits that Plaintiff claims the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4) is present and satisfied. This is a legal conclusion, which is not subject to denial or admission. IBC denies that this action may properly be maintained as a class action. Except as specifically admitted, IBC denies the remaining allegations in paragraph 43 of the Complaint.

44. IBC admits that Plaintiff claims the superiority requirement of Federal Rule of Civil Procedure 23(b)(3) is present and satisfied. This is a legal conclusion, which is not subject to denial or admission. IBC denies that this action may properly be maintained as a class action. Except as specifically admitted, IBC denies the remaining allegations in paragraph 44 of the Complaint.

45. IBC denies that it has violated the FCRA either willfully, negligently, or otherwise, as alleged in paragraph 45 of the Complaint. IBC further denies the remaining allegations in paragraph 45 of the Complaint. IBC denies that this action may properly be maintained as a class action.

46. IBC denies that it is liable to Plaintiff for damages under the FCRA or for any damages whatsoever. IBC further denies the remaining allegations in paragraph 46 of the Complaint. IBC denies that this action may properly be maintained as a class action.

47. IBC denies that Plaintiff and putative class members are entitled to equitable relief or any relief whatsoever as alleged in paragraph 47 of the Complaint. IBC denies that this action may properly be maintained as a class action.

48. IBC denies that its conduct was willful or negligent as alleged in paragraph 48 of the Complaint. IBC denies that issue certification is an appropriate remedy. IBC denies the remaining allegations contained in paragraph 48 of the Complaint. IBC denies that this action may properly be maintained as a class action.

**COUNT TWO: VIOLATION OF THE FCRA § 1681d(a)**

49. IBC incorporates its responses to the allegations contained in paragraphs 1-48 of the Complaint as if fully set forth herein.

50. IBC admits that Plaintiff purports to bring this action pursuant to Federal Rule of Civil Procedure 23. This is a legal conclusion, which is not subject to denial or admission. IBC

denies that this action may properly be maintained as a class action. Except as specifically admitted, IBC denies the remaining allegations in paragraph 50 of the Complaint.

51. IBC admits that Plaintiff claims the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1) is present and satisfied. This is a legal conclusion, which is not subject to denial or admission. IBC denies that this action may properly be maintained as a class action. Except as specifically admitted, IBC denies the remaining allegations in paragraph 51 of the Complaint.

52. IBC admits that Plaintiff claims the commonality requirement of Federal Rule of Civil Procedure 23(a)(2) is present and satisfied. This is a legal conclusion, which is not subject to denial or admission. IBC denies that this action may properly be maintained as a class action. Except as specifically admitted, IBC denies the remaining allegations in paragraph 52 of the Complaint.

53. IBC admits that Plaintiff claims the typicality requirement of Federal Rule of Civil Procedure 23(a)(3) is present and satisfied. This is a legal conclusion, which is not subject to denial or admission. IBC denies that this action may properly be maintained as a class action. Except as specifically admitted, IBC denies the remaining allegations in paragraph 53 of the Complaint.

54. IBC admits that Plaintiff claims the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4) is present and satisfied. This is a legal conclusion, which is not subject to denial or admission. IBC denies that this action may properly be maintained as a class action. Except as specifically admitted, IBC denies the remaining allegations in paragraph 54 of the Complaint.

55. IBC admits that Plaintiff claims the superiority requirement of Federal Rule of Civil Procedure 23(b)(3) is present and satisfied. This is a legal conclusion, which is not subject to denial or admission. IBC denies that this action may properly be maintained as a class action. Except as specifically admitted, IBC denies the remaining allegations in paragraph 55 of the Complaint.

56. IBC denies that it has violated the FCRA either willfully, negligently, or otherwise, as alleged in paragraph 56 of the Complaint. IBC further denies the remaining allegations in paragraph 56 of the Complaint. IBC denies that class treatment is appropriate for this action.

57. IBC denies that it is liable to Plaintiff for damages under the FCRA or for any damages whatsoever. IBC further denies the remaining allegations in paragraph 57 of the Complaint. IBC denies that class treatment is appropriate for this action.

58. IBC denies that Plaintiff and putative class members are entitled to equitable relief or any relief whatsoever as alleged in paragraph 58 of the Complaint. IBC denies that class treatment is appropriate for this action.

59. IBC denies that its conduct was willful or negligent as alleged in paragraph 59 of the Complaint. IBC denies that issue certification is an appropriate remedy. IBC denies the remaining allegations contained in paragraph 59 of the Complaint. IBC denies that class treatment is appropriate for this action.

## **AFFIRMATIVE DEFENSES**

IBC hereby sets forth the following affirmative defenses to the Complaint.

## **FIRST AFFIRMATIVE DEFENSE**

**(Failure To State A Claim)**

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against IBC and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from IBC.

### SECOND AFFIRMATIVE DEFENSE

**(Impropriety As A Class Action)**

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 because, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; the named Plaintiff and his counsel are unable to fairly and adequately protect the interests of putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

### THIRD AFFIRMATIVE DEFENSE

**(Failure To Mitigate Damages)**

On information and belief, any recovery by Plaintiff and putative class members is barred to the extent Plaintiff and putative class members failed to make reasonable efforts to mitigate their alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

**(Truth/Accuracy Of Information)**

Plaintiff's claims fail to the extent that they are barred because all information Verifications communicated to IBC was true.

### FIFTH AFFIRMATIVE DEFENSE

**(Compliance/Good Faith)**

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, IBC acted in good faith and complied fully with the FCRA and relevant state laws.

### SIXTH AFFIRMATIVE DEFENSE

**(Intervening Superseding Cause)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which IBC continues to deny, were the results of acts or omissions of third persons over whom IBC had neither control nor responsibility.

### SEVENTH AFFIRMATIVE DEFENSE

**(Proximate Cause)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

### EIGHTH AFFIRMATIVE DEFENSE

**(Venue)**

IBC objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq*. and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia.

### NINTH AFFIRMATIVE DEFENSE

**(Failure To Join A Necessary Party)**

Plaintiff's claims fail to the extent that necessary parties are not joined as defendants pursuant to Rule 19 of the Federal Rules of Civil Procedure

### TENTH AFFIRMATIVE DEFENSE

**(No Punitive Damages)**

Plaintiff's claim for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, IBC states that punitive damages violate its constitutional rights under the Constitution of the United States and the Constitution of Virginia.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack Of Jurisdiction Over The Putative Class)

This Court lacks jurisdiction over the members of the putative class.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The Complaint is barred, in whole or in part, because Plaintiff and the putative class members would be unjustly enriched if they recovered anything from IBC in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Right To Assert Additional Defenses)

IBC reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Interstate Brands Corporation respectfully prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of this suit and attorneys' fees herein incurred; and

(3) For such other relief as the Court may deem just and proper.

Dated: September 2, 2011        /s/ Joseph W. Clark
                                        Virginia State Bar No. 42664
                                        JONES DAY
                                        51 Louisiana Avenue, N.W.
                                        Washington, DC  20001-2113
                                        Telephone:  (202) 879-3939
                                        Facsimile:  (202) 626-1700
                                        Email:  jwclark@jonesday.com

                                        Attorney for Defendant
                                        INTERSTATE BRANDS CORPORATION

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed with the Court via the CM/ECF system. The foregoing was served this 2nd day of September, 2011, on the following filing users by the CM/ECF system:

Dale Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb St.
Petersburg, VA 23803-3212
dale@pittmanlawoffice.com

Leonard A Bennett
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
lenbennett@clalegal.com

        /s/ Joseph W. Clark
Virginia State Bar No. 42664
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: jwclark@jonesday.com

Attorney for Defendant
INTERSTATE BRANDS CORPORATION