UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**TYRONE HENDERSON,**
**For himself and on behalf of all**
**similarly situated individuals.**

        **Plaintiff,**

v.                                CIVIL ACTION NO.: 3:11cV507

**INTERSTATE BRANDS CORPORATION,**

      **SERVE:**     **Corporation Service Company, Registered Agent**
                      **Bank of America Center, 16th Floor**
                      **111 East Main Street**
                      **Richmond, VA 23219**

      **Defendant.**

## CLASS COMPLAINT

    COMES NOW, the Plaintiff, TYRONE HENDERSON, on behalf of himself and all similarly situated individuals, and alleges the following claims:

### INTRODUCTION

    1.    This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, et seq. The FCRA imposes on employers that use a consumer's public records background check several important procedural requirements designed to protect consumers like Plaintiff. Plaintiff applied for a job at Defendant and Defendant used his consumer report that it obtained from a consumer reporting agency to rescind its offer to hire Plaintiff. In doing so, Defendant failed to comply with the procedural protections and requirements imposed on it by the FCRA.

## JURISDICTION/VENUE

2.    The Court has jurisdiction under the FCRA, 15 U.S.C. §1681p and 28 U.S.C. §1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in the district and division.

3.    Defendant Interstate Brands Corporation (hereinafter *"IBC")* also maintains the office of its registered agent for service of process in Richmond, Virginia, which office is located in this district and division.

4.    Defendant has contracted to supply services or things in the Commonwealth of Virginia.

5.    Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth of Virginia.

6.    Plaintiff is a citizen of Richmond, Virginia.

7.    Plaintiff maintains all of the documents relevant to this dispute at his home in Richmond, Virginia.

## PARTIES

8.    Plaintiff is a "consumer" as protected and governed by the FCRA.

9.    *IBC* is a Texas corporation doing business throughout the United States, including Virginia.

10.    At all times relevant hereto, *IBC* was a "user" of the consumer report of Plaintiff and all putative class members, as governed by the FCRA.

11.    Verifications Incorporated ("Verifications") supplied a consumer report for the class representative to Defendant.

12.     During the FCRA statute of limitations period, Verifications was a "consumer reporting agency" as governed by the FCRA.

13.     During the FCRA statute of limitations period, Verifications was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

14.     Upon information and belief, Defendant also obtained consumer reports from additional consumer reporting agencies during the FCRA statute of limitations period, and those employees and prospective employees who suffered an adverse employment decision are included in the prospective class.

15.     Upon information and belief, any additional consumer reporting agencies that supplied consumer reports to Defendant were regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

## FACTS

16.     In or around the months of August and September, 2009, Plaintiff applied and was approved for a job with *IBC*, subject to a successful background check being conducted.

17.     Between the date of Plaintiff's application and November 5, 2009, Defendant obtained and used a Verifications consumer report (the "Verifications report") to make its employment decision.

18.     The Verifications report used by Defendant was not accurate and contained a Pennsylvania felony criminal record conviction of a different person that had been mixed within his consumer report prepared by Verifications.

19.     Plaintiff received a letter dated November 17, 2009 from Interstate Brands Corporation with a copy of what the Defendant described as an "Investigative Consumer report" and advised the Plaintiff that a decision had been made not to give his application any further consideration based on information contained in the Consumer Report.

20.     The Verifications report was a "consumer report" governed and as defined by the FCRA.

21.     The Verifications report was an "investigative consumer report" because a portion of the report contained and was based upon information regarding the Plaintiff's previous work history, which constituted information regarding his character, general reputation and/or personal characteristics, and was obtained through personal interviews with his previous employers having knowledge concerning such items of information.

22.     Defendant did not then or at any time, let alone within least three days of when it requested the report, clearly and accurately disclose in writing to the Plaintiff that an investigative consumer report might be made.

23.     Defendant did not then or at any time, let alone within least three days of when it requested the report, clearly and accurately disclose in writing to the Plaintiff a statement informing him of his right to request additional FCRA disclosures and a written summary of his FCRA rights.

24.     On information and belief, the Plaintiff alleges that Defendant did not certify to Verifications, Inc. that it had made the disclosures described in the previous paragraphs.

25.     On or about November 17, 2009, Defendant forwarded a letter to the Plaintiff stating that a decision had been made not to give his application further consideration based on the information contained in his Consumer Report.

26.     This constituted an "adverse action" as defined and governed by the FCRA.

27.     Defendant failed to provide Plaintiff with a copy of the consumer report or written summary of his rights under the FCRA before the time it informed him that it had withdrawn the offer of employment based in whole or in part on the report results.

28.     Defendant also failed to provide Plaintiff with any of the notices required by §1681b(b)(3) of the FCRA.

29.     Section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

30.  The purpose of §1681b(b)(3)(A) is to provide a prospective or current employee a sufficient amount of time to review the consumer report, correct any inaccuracies and to notify the prospective employer of these inaccuracies before an adverse action is taken.

31.  Defendant failed to provide a copy of the consumer report in a sufficient amount of time before it took the adverse action to allow Plaintiff to discuss the report with Defendant or otherwise respond before the adverse action was taken.

32.  Defendant failed to hire Plaintiff without providing him with any advance notice that it was going to take that adverse action, without providing him with a copy of the consumer report, and without providing him with a summary of their rights under the FCRA.

33.  Upon information and belief, it is Defendant's standard hiring practice to rely on consumer reports, and when the results are unsatisfactory, to fire or refuse to hire/fire people on the spot without the statutory disclosure or written authorization, without giving them any advance notice of the adverse action, without first providing them with a copy of their consumer report, without providing them with a summary of their rights under the FCRA before taking the adverse action, and without providing most of the oral, written or electronic notices required by the FCRA.

34.  Upon information and belief, it is Defendant's standard hiring practice to rely on investigative consumer reports without making the related disclosures required by the FCRA.

35.  Defendant acted willfully. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain

language of the FCRA and in the promulgations of the Federal Trade Commission.

36.     Defendant had available substantial written materials that apprised it of its duties under the FCRA.

37.     Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

## COUNT ONE: VIOLATION OF THE FCRA § 1681b(b)(3)(A)

38.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

39.     The "Section 1681b Class". Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Section 1681b Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a.) who applied for an employment position with Defendant or any of its subsidiaries, (b.) as part of this application process were the subject of a consumer report obtained by Defendant, (c.) where that consumer report contained a criminal public record or credit item that would disqualify the person from such position under Defendant's written hiring policies, (d.) which consumer was not then approved or hired for the position, (e.) and to whom Defendant did not provide a copy of the consumer report and other disclosures stated at 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the date the employment decision is first noted in Defendant's records.

40.     Numerosity. Fed. R. Civ. P. 23(a)(1). Upon information and belief, the Plaintiff alleges that the Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

41.     Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members.     These common legal and factual questions include, among other things:

a.      Whether Defendant provided a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof (§1681b(b)(3)(A)(i));

b.      Whether Defendant provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee (§ 1681b(b)(3)(A)(ii));

c.      Whether Defendant reckless, knowingly or intentionally acted in conscious disregard of the rights of the consumer;

d.      Whether the conduct alleged violates the FCRA.

42.     Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member.  Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other members of the Class.

43.     Adequacy. Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Section 1681b Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Fed. R. Civ. P. 23(a)(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

44.     Superiority. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

45.     Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A) as to the Section 1681b Class, because it failed to provide a copy of the consumer report used to make an employment decision and related disclosures to Plaintiff and all other similarly situated applicants and employees before taking an adverse action that was based in whole or in part on that report.

46.     As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Section 1681b Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the violations alleged herein, and for attorneys fees and costs pursuant to §1681n and §1681o.

47.     Plaintiff and Section 1681b Class Members are entitled to equitable relief against Defendant requiring its compliance with the FCRA in all future instances and enjoining their future violations of the FCRA.

48.     In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

## COUNT TWO: VIOLATION OF THE FCRA § 1681d(a)

49.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

50.     The "Section 1681d Class". Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Section 1681d Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a.) who were the subject of a *Verifications* consumer report furnished to Defendant (b.) that contained any information that was based upon information regarding the consumer's previous work history and was obtained through personal interviews with the consumer's previous employers, (c.) within two years next preceding the filing of this action and during its pendency. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

51.     Numerosity. Fed. R. Civ. P. 23(a)(1). Upon information and belief, the Plaintiff alleges that the Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

52.     Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members.     These common legal and factual questions include, among other things:

a.      Whether it was Defendant's standard policy and procedure to obtain investigative consumer reports from Verifications, Inc.;

b.      Whether it was Defendant's standard policy and procedure to obtain investigative consumer reports without making the disclosures detailed at 15 U.S.C. §1681d(a);

c.      Whether Defendant reckless, knowingly or intentionally acted in conscious disregard of the rights of the consumer;

d.      Whether the conduct alleged violates the FCRA.

53.     Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member.  Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other members of the Class.

54.     Adequacy. Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Fed. R. Civ. P. 23(a)(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

55.     Superiority. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

56.     Defendant willfully violated the FCRA, 15 U.S.C. §1681d(a) as to the Section 1681d Class, because it failed to make the FCRA disclosures required therein before requesting an Investigative Consumer report regarding the Plaintiff and all other similarly situated consumers and Section 16181d class members.

57.     As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Section 1681d Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the violations alleged herein, and for attorneys fees and costs pursuant to §1681n and §1681o.

58.    Plaintiff and Section 1681d Class Members are entitled to equitable relief against Defendant requiring its compliance with the FCRA in all future instances and enjoining their future violations of the FCRA.

59.    In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1.    An order certifying the proposed FCRA classes herein under Federal Rule 23 and appointing Plaintiffs and their undersigned counsel of record to represent same;

2.    The creation of a common fund available to provide notice of and remedy Defendant's FCRA violations;

3.    Statutory and punitive damages;

4.    Injunctive relief as pled;

5.    Attorneys fees, expenses and costs;

6.    Pre-judgment and post-judgment interest as provided by law; and

7.    Such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,
TYRONE HENDERSON,
for himself and on behalf of all
similarly situated individuals.
By Counsel

Dale Pittman, VSB #15673
Attorney for Plaintiff
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb St.
Petersburg, VA 23803-3212
Telephone: (804) 861-6000
Fax: (804) 861-3368
Email: dale@pittmanlawoffice.com

Leonard A. Bennett, VSB #37523
Attorney for Plaintiff
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Phone: (757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@clalegal.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Tyrone Henderson, for himself and on behalf of all similarly situated individuals

**DEFENDANTS**

Interstate Brands Corporation  3:11CV507

(b) County of Residence of First Listed Plaintiff  Richmond
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

AUG - 5

(c) Attorney's (Firm Name, Address, and Telephone Number)

Dale W. Pittman, The Law Office of Dale W. Pittman, PC, 112-A W. Tabb St., Petersburg, VA 23803, 804-861-6000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sec. 1681 et seq.
Brief description of cause:
This claim is filed under the Fair Credit Reporting Act.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE

DOCKET NUMBER

DATE  August 3, 2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

```
Court Name: UNITED STATES DISTRICT COURT
Division: 3
Receipt Number: 34683013824
Cashier ID: lbreeden
Transaction Date: 08/05/2011
Payer Name: THE LAW OFFICE DALE W PITTMA
N
------------------------------------
CIVIL FILING FEE
 For: THE LAW OFFICE DALE W PITTMAN
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 2066
 Amt Tendered: $350.00
------------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:       $0.00

#3:11-CV-587
```