# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| **TYRONE HENDERSON,** | ) | |
| **For himself and on behalf of all** | ) | |
| **similarly situated individuals,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:11cv507-REP** |
| | ) | |
| **INTERSTATE BRANDS CORPORATION,** | ) | |
| | ) | |
| **Defendant/Third-Party Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **VERIFICATIONS INCORPORATED,** | ) | |
| | ) | |
| **Third-Party Defendant.** | ) | |

## ANSWER TO CROSS-COMPLAINT AND JURY DEMAND OF INTERSTATE BRANDS CORPORATION

VERIFICATIONS, INC. ("Verifications"), incorrectly identified as "Verifications

Incorporated," by counsel, states the following for its Answer to Third-Party Plaintiff Interstate

Brands Corporation's Cross-Complaint and Jury Demand ("Cross-Complaint")[1]:

## INTRODUCTION

1.      In response to Paragraph 1, Verifications admits that Plaintiff Tyrone Henderson

("Plaintiff") purports to bring claims for himself and for a class of individuals that he proposes to

represent for alleged violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681, *et*

*seq.* Plaintiff's allegations are contained in the Class Complaint filed against Interstate Brands

---

[1]   As explained in Verifications' Memorandum in Support of its Motion to Dismiss the Cross-Complaint, IBC's "Cross-Complaint" is more properly identified as a third-party complaint because Verifications was not named as a party in the Plaintiff's Class Complaint filed by Plaintiff against IBC.  FED. R. CIV. P. 14.

Corporation ("IBC") and speak for themselves.  Verifications admits that a copy of Plaintiff's Complaint is attached to the Cross-Complaint.  Verifications denies any and all alleged violations of the FCRA as set forth in the Class Complaint and/or the Cross-Complaint and demands strict proof thereof.

2.      In response to Paragraph 2, Verifications admits that Plaintiff's Class Complaint against IBC alleges that IBC willfully violated the FCRA for reasons stated therein.  Plaintiff's allegations, as contained in the Class Complaint, speak for themselves.  Verifications denies any allegations inconsistent therewith, denies any alleged violations of the FCRA as set forth in the Class Complaint and/or the Cross-Complaint and demands strict proof thereof.

3.      In response to Paragraph 3, Verifications admits that Plaintiff's Class Complaint against IBC alleges that IBC willfully violated the FCRA for reasons stated therein.  Plaintiff's allegations, as contained in the Class Complaint, speak for themselves.  Verifications denies any allegations inconsistent therewith, denies any alleged violations of the FCRA as set forth in the Class Complaint and/or the Cross-Complaint and demands strict proof thereof.

4.      In response to Paragraph 4, Verifications admits that Plaintiff's Class Complaint against IBC seeks certain relief on behalf of Plaintiff and two separate putative classes. Plaintiff's allegations, as contained in the Class Complaint, speak for themselves.  Verifications denies any allegations inconsistent therewith, denies any alleged violations of the FCRA as set forth in the Class Complaint and/or the Cross-Complaint and demands strict proof thereof.

5.      In response to Paragraph 5, Verifications admits that IBC denies violating the FCRA, willfully or otherwise, in its Answer to the Class Complaint.  IBC's allegations, as contained in its Answer, speak for themselves.  Verifications denies any allegations inconsistent

therewith, denies any alleged violations of the FCRA as set forth in the Class Complaint, Cross-Complaint and/or IBC's Answer and demands strict proof thereof.

6.      In response to paragraph 6, Verifications denies any alleged violations of the FCRA as set forth in the Class Complaint, the Cross-Complaint and/or IBC's Answer and demands strict proof thereof.

## JURISDICTION AND VENUE

7.      In response to Paragraph 7, Verifications admits that IBC has alleged jurisdiction pursuant to 28 U.S.C. § 1367.  Verifications states that this is a legal conclusion which requires no response from Verifications.  To the extent a response is required, Verifications denies the allegations contained in Paragraph 7 and demands strict proof thereof.

8.      In response to Paragraph 8, Verifications admits that IBC has alleged that venue is proper pursuant to 28 U.S.C. § 1391(b).  Verifications states that this is a legal conclusion which requires no response from Verifications.  To the extent a response is required, Verifications admits that it conducts business in the Commonwealth of Virginia.  Verifications denies the remaining allegations contained in Paragraph 8 and demands strict proof thereof.

## PARTIES TO THE CROSS-COMPLAINT

9.      In response to Paragraph 9, upon information and belief, Verifications admits that IBC is a Texas corporation with its principal place of business in Kansas City, Missouri. Verifications states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9, and therefore, denies these allegations and demands strict proof thereof.

10.      In response to Paragraph 10, Verifications admits that it is a Minnesota

3

corporation with its principal place of business in Maple Grove, Minnesota.  Verifications admits that it provides certain background screening, employment drug testing, and onboarding solutions services to its clients.  Verifications admits that its company website includes information about its efforts with regard to "compliance, accuracy and dedicated customer service."  Verifications states that any statement on its website speaks for itself, and Verifications denies any allegations inconsistent therewith.  Verifications denies the remaining allegations, if any, contained in Paragraph 10 as phrased.

## FACTS

### The Contractual Relationship Between IBC and Verifications

11.     In response to Paragraph 11, Verifications states that whether it is considered a "Consumer Reporting Agency" is a legal conclusion which requires no response from Verifications.  Verifications admits that, at certain times, and in certain capacities, it functions as a consumer reporting agency as defined by the FCRA.  This is consistent with the User Certification and Client Services Agreement entered into by Verifications and IBC. Verifications denies the remaining allegations contained in Paragraph 11 and demands strict proof thereof.

12.     In response to Paragraph 12, Verifications admits that it is obligated to comply with applicable laws and/or regulations that govern its conduct, including the FCRA, when applicable. Verifications denies the remaining allegations contained in Paragraph 12 and demands strict proof thereof.

13.     In response to Paragraph 13, Verifications admits that it provides certain background screening, employment drug testing, and onboarding solutions services to its clients. Verifications admits that its company website includes information about its efforts with regard

to "compliance, accuracy and dedicated customer service." Verifications states that any statement on its website speaks for itself, and Verifications denies any allegations inconsistent therewith. Verifications denies the remaining allegations, if any, contained in Paragraph 13 as phrased.

14.     In response to Paragraph 14, Verifications admits that it entered into a "User Certification and Client Services Agreement" with IBC. The specific terms, conditions and services to be provided under that agreement speak for themselves. Verifications denies any allegations inconsistent therewith, denies the remaining allegations contained in Paragraph 14 and demands strict proof thereof.

15.     In response to Paragraph 15, Verifications admits that it entered into an "Amendment To The Contract For Services Agreement" with IBC. The specific terms, conditions and services to be provided under that agreement speak for themselves. Verifications denies any allegations inconsistent therewith, denies the remaining allegations contained in Paragraph 15 and demands strict proof thereof.

16.     In response to Paragraph 16, Verifications states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore, denies these allegations and demands strict proof thereof.

17.     Verifications denies the allegations of Paragraph 17 as phrased.

18.     In response to Paragraph 18, Verifications admits that it uses, at certain times, a program called "VI Application Manager" to facilitate the employment application process. Verifications denies the remaining allegations contained in Paragraph 18 as phrased.

19.     In response to Paragraph 19, Verifications denies the allegations contained in Paragraph 19 and demands strict proof thereof.

5

20.     In response to Paragraph 20, Verifications admits that once it is provided the required information and authorizations from IBC, Verifications then, at IBC's request, conducts background checks consistent with IBC's direction and instruction.  Verifications is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20, and therefore, denies these allegations and demands strict proof thereof.

21.     Verifications denies the allegations contained in Paragraph 21 and demands strict proof thereof.

22.     Verifications admits that it sends completed background reports to IBC and, at IBC's request, Verifications sends adverse action notices to applicants who apply for employment with IBC.  Verifications is without knowledge or information sufficient to form a belief as to the truth of remaining allegations contained in Paragraph 22, and therefore, denies these allegations and demands strict proof thereof.

23.     In response to Paragraph 23,  Verifications admits that, at IBC's direction and with IBC's authorization, Verifications sends adverse action notices to applicants who apply for employment with IBC.  Verifications admits that, when required, it provides a copy of the applicant's report and a copy of "A Summary of Your Rights Under the Fair Credit Reporting Act."  Verifications denies the remaining allegations contained in Paragraph 23 and demands strict proof thereof.

24.     In response to the first sentence of Paragraph 24, Verifications states that the preliminary adverse action letter sent to Plaintiff speaks for itself and Verifications denies any allegations inconsistent therewith.  Verifications denies the allegations contained in the second sentence of Paragraph 24 and demands strict proof thereof.

6

25.     In response to the first sentence of Paragraph 25, Verifications admits that it is responsible for conducting a reinvestigation following notice by an applicant for employment to IBC of a dispute of information contained in a background investigation report prepared by Verifications.  Verifications denies the allegations contained in the second sentence of paragraph 25 and demands strict proof thereof.

26.     Verifications denies the allegations contained in Paragraph 26 and demands strict proof thereof.

27.     In response to Paragraph 27, Verifications states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore, denies these allegations and demands strict proof thereof.

**Henderson's Application, Background Check, and Adverse Employment Action**

28.     In response to the first sentence of Paragraph 28, Verifications understands that Plaintiff applied for a job with IBC.  Verifications further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 28, and therefore, denies these allegations and demands strict proof thereof.  In response to the second sentence of Paragraph 28, Verifications admits that Plaintiff signed a form entitled "Interstate Brands Corporation Consumer Report/Investigative Consumer Report Disclosure And Release of Information Authorization."  This form speaks for itself and Verifications denies any allegations inconsistent therewith.  Verifications further states that whether this form satisfied IBC's obligation to make the preliminary disclosures required under the FCRA is a legal conclusion which requires no response from Verifications.  To the extent a response is required, Verifications denies the remaining allegations contained in Paragraph 28 and demands strict proof thereof.

29.     In response to Paragraph 29, Verifications states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore, denies these allegations and demands strict proof thereof.

30.     In response to Paragraph 30, Verifications admits that it completed a background investigation report regarding Plaintiff on or about November 16, 2009, and that the report contained information about two criminal convictions in Westmoreland County, Pennsylvania. Verifications states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30, and therefore, denies these allegations and demands strict proof thereof.

31.     In response to the first sentence of Paragraph 31, Verifications states that it is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations and demands strict proof thereof.   In response to the second sentence of Paragraph 31, Verifications admits that on or about November 17, 2009, IBC requested that Verifications send a preliminary adverse action letter to Plaintiff.   Verifications denies the remaining allegations contained in Paragraph 31.

32.     In response to Paragraph 32, Verifications admits that on or about November 17, 2009, as directed and authorized by IBC, Verifications sent Plaintiff a preliminary adverse action letter on behalf of IBC.   Verifications denies the remaining allegations contained in Paragraph 32 as phrased.

33.     In response to Paragraph 33, Verifications admits that on or about November 20, 2009, and within the time period proscribed in the preliminary adverse action letter, Henderson contacted Verifications to dispute the accuracy of certain information contained in the background investigation report.   Verifications states that it is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33, and therefore, denies these allegations and demands strict proof thereof.

34.     In response to Paragraph 34, Verifications admits that it conducted a reinvestigation in response to Plaintiff's dispute.  Verifications denies the remaining allegations contained in Paragraph 34 as phrased.

35.     In response to Paragraph 35, Verifications admits that on or about December 18, 2009, as directed and authorized by IBC, Verifications sent Plaintiff a final adverse action letter on behalf of IBC.  Verifications states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35, and therefore, denies these allegations and demands strict proof thereof.

36.     In response to Paragraph 36, Verifications admits that Plaintiff has filed separate putative class actions against IBC and Verifications.  Plaintiff's allegations, as contained in the Class Complaints filed against IBC and Verifications, speak for themselves.  Verifications denies any allegations inconsistent therewith, denies any alleged violations of the FCRA, and denies that these lawsuits may be properly maintained as a class actions.

37.     In response to Paragraph 37, Verifications denies the allegations contained in Paragraph 37 and demands strict proof thereof.

38.     In response to the allegations contained in Paragraph 38, Verifications states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and therefore, denies these allegations and demands strict proof thereof.

39.     In response to the Paragraph 39, Verifications states that it is without knowledge

or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and therefore, denies these allegations and demands strict proof thereof.

40.      Verifications denies the allegations contained in Paragraph 40 and demands strict proof thereof.

41.      Verifications denies the allegations contained in Paragraph 41 and demands strict proof thereof.

42.      In response to the first and second sentences of Paragraph 42, Verifications states that IBC's position, as set forth in its Answer and/or Cross-Complaint, speaks for itself.   In response to the third sentence of Paragraph 42, Verifications denies the allegations contained therein and demands strict proof thereof.

### CROSS CLAIM ONE: BREACH OF EXPRESS CONTRACTUAL PROVISION

43.      In response to Paragraph 43, Verifications adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 42 above.

44.      In response to Paragraph 44, Verifications states that the agreement between IBC and Verifications speaks for itself.   Verifications denies the remaining allegations contained in Paragraph 44 and demands strict proof thereof.

45.      Verifications denies the allegations contained in Paragraph 45 and demands strict proof thereof.

46.      In response to Paragraph 46, Verifications states that the agreement between IBC and Verifications speaks for itself.   Verifications denies the remaining allegations contained in Paragraph 46 and demands strict proof thereof.

47.     In response to Paragraph 47, Verifications states that the agreement between IBC and Verifications speaks for itself.  Verifications denies the remaining allegations contained in Paragraph 47 and demands strict proof thereof.

48.     Verifications denies the allegations contained in Paragraph 48 and demands strict proof thereof.

49.     Verifications denies the allegations contained in Paragraph 49 and demands strict proof thereof.

50.     Verifications is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 as the allegations are not directed to Verifications.  To the extent the allegations are intended to suggest that Verifications is liable or responsible for the alleged damages to IBC, Verifications denies those allegations and demands strict proof thereof.

51.     Verifications denies the allegations contained in Paragraph 51 and demands strict proof thereof.

52.     Verifications denies the allegations contained in Paragraph 52 and demands strict proof thereof.

## CROSS CLAIM TWO: BREACH OF IMPLIED CONTRACTUAL PROVISION

53.     In response to Paragraph 53, Verifications adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 52 above.

54.     In response to Paragraph 54, Verifications states that the agreement between IBC and Verifications speaks for itself.  Verifications denies the remaining allegations contained in Paragraph 54 and demands strict proof thereof.

55.     Verifications denies the allegations contained in Paragraph 55 and demands strict proof thereof.

56.     The allegations contained in Paragraph 56 state a legal conclusion which requires no response from Verifications.  To the extent a response is required, Verifications states that the agreement between IBC and Verifications speaks for itself.  Verifications denies the remaining allegations contained in Paragraph 56 and demands strict proof thereof.

57.     Verifications denies the allegations contained in Paragraph 57 and demands strict proof thereof.

58.     Verifications denies the allegations contained in Paragraph 58 and demands strict proof thereof.

59.     Verifications denies the allegations contained in Paragraph 59 and demands strict proof thereof.

60.     Verifications is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 as the allegations are not directed to Verifications.  To the extent the allegations are intended to suggest that Verifications is liable or responsible for the alleged damages to IBC, Verifications denies the allegations contained in Paragraph 60 and demands strict proof thereof.

61.     Verifications denies the allegations contained in Paragraph 61 and demands strict proof thereof.

62.     Verifications denies the allegations contained in Paragraph 62 and demands strict proof thereof.

## CROSS CLAIM THREE: CONSTRUCTIVE FRAUD

63.     In response to Paragraph 63, Verifications adopts and incorporates by reference

its responses to the allegations contained in Paragraphs 1 through 62 above.

64.     In response to Paragraph 64, Verifications admits that it strives to comply with all applicable state and federal laws, including the FCRA, but denies the remaining allegations contained in Paragraph 64 as phrased and demands strict proof thereof.

65.     In response to Paragraph 65, Verifications admits that it is dedicated to accuracy, compliance and customer service, but denies the remaining allegations contained in Paragraph 65 as phrased and demands strict proof thereof.

66.     In response to Paragraph 66, Verifications states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66, and therefore, denies these allegations and demands strict proof thereof.

67.     In response to Paragraph 67, Verifications states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and therefore, denies these allegations and demands strict proof thereof.

68.     In response to Paragraph 68, Verifications states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and therefore, denies these allegations and demands strict proof thereof.

69.     Verifications denies the allegations contained in Paragraph 69 and demands strict proof thereof.

70.     Verifications denies the allegations contained in Paragraph 70 and demands strict proof thereof.

71.     Verifications denies the allegations contained in Paragraph 71 and demands strict proof thereof.

13

72.     Verifications is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 as the allegations are not directed to Verifications.  To the extent the allegations are intended to suggest that Verifications is liable or responsible for the alleged damages to IBC, Verifications denies the allegations contained in Paragraph 72 and demands strict proof thereof.

73.     Verifications denies the allegations contained in Paragraph 73 and demands strict proof thereof.

74.     Verifications denies the allegations contained in Paragraph 74 and demands strict proof thereof.

## CROSS CLAIM FOUR: FAILURE TO PERFORM IN A WORKMANLIKE FASHION

75.     In response to Paragraph 75, Verifications adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 74 above.

76.     In response to Paragraph 76, Verifications states that the agreement between IBC and Verifications speak for itself.  Verifications denies the remaining allegations contained in Paragraph 76 and demands strict proof thereof.

77.     Verifications denies the allegations contained in Paragraph 77 and demands strict proof thereof.

78.     The allegations contained in Paragraph 78 state a legal conclusion which requires no response from Verifications.  To the extent a response is required, Verifications denies the allegations contained in Paragraph 78 and demands strict proof thereof.

79.     Verifications denies the allegations contained in Paragraph 79 and demands strict proof thereof.

80.     Verifications denies the allegations contained in Paragraph 80 and demands strict proof thereof.

81.     Verifications denies the allegations contained in Paragraph 81 and demands strict proof thereof.

82.     Verifications denies the allegations contained in Paragraph 82 and demands strict proof thereof.

83.     Verifications is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 as the allegations are not directed to Verifications.  To the extent the allegations are intended to suggest that Verifications is liable or responsible for the alleged damages to IBC, Verifications denies the allegations contained in Paragraph 83 and demands strict proof thereof.

84.     Verifications denies the allegations contained in Paragraph 84 and demands strict proof thereof.

85.     Verifications denies the allegations contained in Paragraph 85 and demands strict proof thereof.

## CROSS CLAIM FIVE: FRAUDULENT INDUCMENT

86.     In response to Paragraph 86, Verifications adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 85 above.

87.     In response to Paragraph 87, Verifications states that the agreement between IBC and Verifications speaks for itself.  Verifications denies the remaining allegations contained in Paragraph 87 and demands strict proof thereof.

88.     Verifications denies the allegations contained in Paragraph 88 and demands strict proof thereof.

15

89.     In response to Paragraph 89, Verifications states that the agreement between IBC and Verifications speaks for itself.  Verifications denies the remaining allegations contained in Paragraph 89 and demands strict proof thereof.

90.     In response to Paragraph 90, Verifications states that the agreement that governs the relationship between IBC and Verifications speaks for itself.  Verifications denies the remaining allegations contained in Paragraph 90 and demands strict proof thereof.

91.     In response to Paragraph 91, Verifications states that the agreement that governs the relationship between IBC and Verifications speaks for itself.  Verifications denies the remaining allegations contained in Paragraph 91 and demands strict proof thereof.

92.     In response to Paragraph 92, Verifications states that the materiality of a representation allegedly made by Verifications is a legal conclusion which requires no response from Verifications.  To the extent a response is required, Verifications denies the allegations contained in Paragraph 92 and demands strict proof thereof.

93.     In response to Paragraph 93, Verifications states that the materiality of a representation allegedly made by Verifications is a legal conclusion which requires no response from Verifications.  To the extent a response is required, Verifications denies the allegations contained in Paragraph 93 and demands strict proof thereof.

94.     Verifications denies the allegations contained in Paragraph 94 and demands strict proof thereof.

95.     Verifications denies the allegations contained in Paragraph 95 and demands strict proof thereof.

96.     In response to Paragraph 96, Verifications states that it is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96, and therefore, denies these allegations and demands strict proof thereof.

97.     Verifications denies the allegations contained in Paragraph 97 and demands strict proof thereof.

98.     In response to Paragraph 98, Verifications states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, and therefore, denies these allegations and demands strict proof thereof.

99.     In response to Paragraph 99, Verifications states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, and therefore, denies these allegations and demands strict proof thereof.

100.    In response to Paragraph 100, Verifications states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100, and therefore, denies these allegations and demands strict proof thereof.

101.    Verifications denies the allegations contained in Paragraph 101 and demands strict proof thereof.

102.    Verifications denies the allegations contained in Paragraph 102 and demands strict proof thereof.

103.    Verifications denies the allegations contained in Paragraph 103 and demands strict proof thereof.

104.    Verifications denies the allegations contained in Paragraph 104 and demands strict proof thereof.

105.    Verifications denies the allegations contained in Paragraph 105 and demands strict proof thereof.

17

106.    Verifications denies the allegations contained in Paragraph 106 and demands strict proof thereof.

107.    Verifications is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 as the allegations are not directed to Verifications.  To the extent the allegations are intended to suggest that Verifications is liable or responsible for the alleged damages to IBC, Verifications denies the allegations contained in Paragraph 107 and demands strict proof thereof.

108.    Verifications denies the allegations contained in Paragraph 108 and demands strict proof thereof.

109.    Verifications denies the allegations contained in Paragraph 109 and demands strict proof thereof.

## CROSS CLAIM SIX: UNJUST ENRICHMENT

110.    In response to Paragraph 110, Verifications adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 109 above.

111.    Verifications denies the allegations contained in Paragraph 111 and demands strict proof thereof.

112.    Verifications denies the allegations contained in Paragraph 112 and demands strict proof thereof.

113.    Verifications admits that it received certain fees in return for services provided to IBC in accordance with the agreement between Verifications and IBC.  Verifications denies the remaining allegations contained in Paragraph 113 and demands strict proof thereof.

114.    Verifications denies the allegations contained in Paragraph 114 and demands strict proof thereof.

18

115.    Verifications denies the allegations contained in Paragraph 115 and demands strict proof thereof.

116.    Verifications denies the allegations contained in Paragraph 116 and demands strict proof thereof.

## CROSS CLAIM SEVEN: NEGLIGENCE

117.    In response to Paragraph 117, Verifications adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 116 above.

118.    The agreement between Verifications and IBC speaks for itself, including the respective duties and obligations of the parties.  Verifications denies the remaining allegations contained in Paragraph 118 and demands strict proof thereof.

119.    Verifications is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 as the allegations are not directed to Verifications.  To the extent the allegations are intended to suggest that Verifications is liable or responsible for the alleged damages to IBC, Verifications denies the allegations contained in Paragraph 119 and demands strict proof thereof.

120.    Verifications denies the allegations contained in Paragraph 120 and demands strict proof thereof.

121.    Verifications denies the allegations contained in Paragraph 121 and demands strict proof thereof.

## CROSS CLAIM EIGHT: EQUITABLE INDEMNITY

122.    In response to Paragraph 122, Verifications adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 121 above.

19

123.    Verifications denies the allegations contained in Paragraph 123 and demands strict proof thereof.

124.    Verifications denies the allegations contained in Paragraph 124 and demands strict proof thereof.

125.    Verifications denies the allegations contained in Paragraph 125 and demands strict proof thereof.

126.    Verifications denies the allegations contained in Paragraph 126 and demands strict proof thereof.

## CROSS CLAIM NINE: VIOLATION OF 15 U.S.C. § 1681e

127.    In response to Paragraph 127, Verifications adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 126 above.

128.    In response to Paragraph 128, Verifications states that the requirements of 15 U.S.C. § 1681e speak for themselves.  Verifications denies any allegations inconsistent therewith and denies any alleged violation of the statute.

129.    Verifications denies the allegations contained in Paragraph 129 and demands strict proof thereof.

130.    Verifications is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 as the allegations are not directed to Verifications.  To the extent the allegations are intended to suggest that Verifications is liable or responsible for the alleged damages to IBC, Verifications denies the allegations contained in Paragraph 130 and demands strict proof thereof.

131.    Verifications denies the allegations contained in Paragraph 131 and demands strict proof thereof.

20

132.    Verifications denies the allegations contained in Paragraph 132 and demands strict proof thereof.

## PRAYER FOR RELIEF

133.    Verifications denies that Plaintiff is entitled to the damages and relief requested in the "WHEREFORE" clause of the Complaint including subparts (1) through (4).

134.    Verifications denies all allegations contained in the Plaintiff's Complaint that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

135.    The Cross-Complaint fails to state a viable claim against Verifications upon which the relief requested may be granted for the reasons more specifically stated in Verifications' Motion to Dismiss the Cross-Complaint and Memorandum of Points and Authorities in Support of the Motion.

136.    The Cross-Complaint fails to provide sufficient facts to state a viable claim against Verifications upon which the relief requested may be granted for the reasons more specifically stated in Verifications' Motion to Dismiss the Cross-Complaint and Memorandum of Points and Authorities in Support of the Motion.

137.    Verifications denies that it breached any duty owed to IBC.

138.    Verifications denies that IBC is entitled to indemnification based on the alleged facts and circumstances of this action.

139.    Verifications denies that it violated any provisions of the FCRA as alleged in the Cross-Complaint.

140.    Verifications denies that it is liable to Plaintiff, any putative class members, and/or IBC in any amount for or for any reason.

21

141.   IBC's alleged damages, if any, were proximately caused by the acts, negligence or fault of other persons or entities for whom Verifications is not legally liable or responsible.

142.   IBC may have breached its contractual obligations and/or duties, thereby barring recovery from Verifications.

143.   IBC may have been guilty of contributory negligence, and its negligence was a proximate cause of the alleged damages.

144.   Assuming that IBC suffered any damages, it has failed to mitigate its damages and take other reasonable steps to avoid or reduce its damages.

145.   The claims for which IBC seeks indemnification may be barred by the applicable statutes of limitation.

146.   The claims for which IBC seeks indemnification fail to satisfy the requirements for class certification.

147.   The claims for which IBC seeks indemnification may be barred by laches, waiver, estoppel, and/or unclean hands.

148.   To the extent that a violation(s) of the FCRA is established, any such violation(s) was not willful and occurred despite the maintenance of reasonable policies and procedures to avoid such violation(s).

149.   Any violation of the FCRA, which is expressly denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

150.   To the extent that IBC seeks indemnification for an award of punitive damages, Verifications states that such an award of punitive damages may be unconstitutional, violating

22

the due process rights of Verifications, and therefore, not recoverable against Verifications in this action.

151.    Verifications incorporates herein all affirmative defenses alleged by IBC in response to Plaintiff's Class Complaint against IBC.

152.    Verifications will rely upon all other defenses that are revealed by further investigation, discovery or the presentation of evidence and reserves the right to file an amended answer or other appropriate pleadings as permitted by this Court.

WHEREFORE, for the foregoing reasons, Verifications respectfully requests that the Cross-Complaint against Verifications be dismissed with prejudice, and that Verifications be awarded costs and expenses, including reasonable attorneys' fees.

Respectfully submitted,

VERIFICATIONS, INC.

_____/s/_____
Charles K. Seyfarth (Va. Bar No. 44530)
LeCLAIRRYAN, A Professional Corporation
Riverfront Plaza – East Tower
951 E. Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7159
Facsimile:  (804) 916-7259
Charles.Seyfarth@leclairryan.com

Megan S. Ben'Ary (Va. Bar No. 47349)
Nicole Pszczolkowski (Va. Bar. No. 80826)
LeCLAIRRYAN, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA  22314
Telephone: (703) 684-8007
Facsimile:  (703) 647-5983
Megan.Benary@leclairryan.com
Nicole.Pszczolkowski@leclairryan.com

**Counsel for Verifications, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send a notification of such filing to the following:

Dale W. Pittman, Esquire
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb St.
Petersburg, Virginia 23803

Leonard A. Bennett, Esquire
Consumer Litigation Associates, P.C.
12515 Warwick Blvd., Suite 100
Newport News, Virginia 23606

Christopher C. North, Esquire
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Blvd.
Newport News, Virginia 23606

*Counsel for Plaintiff*

Joseph W. Clark, Esquire
Edward M. Wenger, Esquire
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001

*Counsel for Defendant/Third-Party Plaintiff*

_____/s/_____
Megan S. Ben'Ary (Va. Bar No. 47349)
LeCLAIRRYAN, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA  22314
Telephone: (703) 684-8007
Facsimile:  (703) 647-5983
Megan.Benary@leclairryan.com

*Counsel for Verifications, Inc.*