# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PHILLIP SUMMERS,

    Plaintiff,

vs.                                          Case No. 4:02CV107 RH/WCS

VERIFICATIONS INCORPORATED,

    Defendants.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

    **COMES NOW**, Verifications Incorporated, being the Defendant in this action, through its undersigned counsel, and hereby files this notice of removal and state as follows:

1.    There was commenced and is now pending in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, Case No. 02-CA-489, in which Phillip Summers ("Summers") is the Plaintiff and Verifications Incorporated is the Defendant.

2.    Verifications Incorporated was served with the Summons and Complaint on February 28, 2002.

3.    This is a civil action over which this Court has federal question jurisdiction under 28 U.S.C. §1331. Plaintiff's Complaint is brought pursuant to 15 U.S.C. § 1681, et seq., the Fair Credit Reporting Act.



OFFICE OF CLERK
U.S. DISTRICT C[?]
NORTHERN DIST.
TALLAHASSEE, FLA.

02 MAR 20 PM 2:51

FILED

-1-

4. Verifications Incorporated is entitled to have this cause removed from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division, pursuant to 28 U.S.C. §1441 because Summers asserts claims for violation of laws of the United States. The Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over Plaintiff's state law claims.

5. As required by 28 U.S.C. §1446(d), promptly after filing this notice, Verifications Incorporated will give written notice to Phillip Summers and will file a copy of this notice with the Clerk of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.

6. There is filed herewith and by reference made a part hereof the Summons and Complaint, all process, pleadings and orders served upon defendant in this action.

Respectfully submitted,

*[signature]*

**STEPHEN SPECTOR**
Florida Bar No. 0000833
**Pennington, Moore, Wilkinson,**
**Bell & Dunbar, P.A.**
215 S. Monroe Street, 2nd Floor
Post Office Box 10095
Tallahassee, FL 32302-2095
Telephone: (850) 222-3533
Facsimile: (850) 222-2126

Attorneys for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail this 20th day of March 2002, to **Matthew F. Minno, Esquire**, The Minno Law Firm, 2062 Thomasville Rd., Tallahassee, Florida 32308.

*[signature]*

IN THE COUNTY COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

Case No.: 02 CA 489

PHILLIP SUMMERS,
    Plaintiff,
vs.

VERIFICATIONS INCORPORATED
    Defendant.
_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To:    All and Singular the Sheriffs of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint, request for admission, interrogatories and request for production in this action on defendant:

    VERIFICATIONS INCORPORATED
    By Serving Registered Agent
    CT Corporation System
    1200 South Pine Island Road
    Plantation, FL 33324

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney, to-wit:

    Matthew F. Minno
    Fla. Bar No.: 403100
    THE MINNO LAW FIRM
    2062 Thomasville Road
    Tallahassee, FL 32308
    (850) 297-0404

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on 2 - 20 , 2002.

    BOB INZER
    Clerk of said Court

    By _____
    Deputy Clerk

FEB 28 2002

IN THE COUNTY COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA
Case No.: 02 CA 489

PHILLIP SUMMERS,
    Plaintiff,                              Florida Bar Number : 436100
vs.

VERIFICATIONS INCORPORATED
    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiffs, PHILLIP SUMMERS, by and through undersigned counsel, and sues Defendant, VERIFICATIONS INCORPORATED. and states:

1. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and equitable relief. This court has jurisdiction under 15 U.S.C. § 1681 (p).

2. This is a civil action for Defamation, Negligence, Libel, and Negligent and/or Intentional Slander Per Se.

3. At all times pertinent hereto, Plaintiff, PHILLIP SUMMERS was a resident of Tallahassee, Leon County, Florida.

4. At all times pertinent hereto, Defendant, VERIFICATIONS INCORPORATED did business in the State of Florida and specifically employed at least one investigator who worked in Leon County Florida at all times material.

## PARTIES

5. PHILLIP SUMMERS is a recent graduate of Florida State University who was the "top candidate" for an executive sales employment opportunity with W. W. Grainger,

-1-

Inc., who

    (A) Has never been convicted of a felony

    (B) Has never been convicted of a misdemeanor

6.    Defendant VERIFICATIONS INCORPORATED is a company engaged in providing criminal background checks and information to various prospective employers, including W. W. Grainger, Inc.

## NEGLIGENT LIBEL

Plaintiffs re-allege Paragraphs 1-6 above, incorporate those allegations into this Count and adopt these allegations by reference. Plaintiffs further allege as follows:

7.    On or about November 26, 2001 VERIFICATIONS INCORPORATED. issued a written statement to W. W. Grainger, Inc. identifying Phillip Summers as a **convicted felon**. This report is attached as Exhibit "A".

8.    Defendant owes a duty of due care to plaintiff in issuing this report, and failed to comply with 15 USC § 1681(K) for the reporting of public record information.

9.    This report is false, misleading and in reckless disregard of the truth, and the defendant was negligent.

10.    By engaging in the conduct alleged in above, the defendant committed slander per se by publishing statements that plaintiff committed a criminal act. The text of this report (Exhibit "A") is libel per se.

11.    By reason of such publication of the libelous announcement, the plaintiff has been, is, and will be, greatly injured in his good name and position, brought into public disrepute, and held up to the contempt, ridicule, and shame with and among relatives,

-2-

friends and acquaintances, citizens of the City of Tallahassee, County of Leon, and State of Florida, and other persons elsewhere.

12. Said publication has injured and distressed, and will continue to injure and distress, the plaintiff in his feelings, and has caused, and will continue to cause him to suffer great pain and anguish. Said publication has affected him in the esteem and prestige with which he is held by members of the public in and about the areas in which such publication reaches.

13. The publication complained of was composed by the defendant, either knowing that the statement was false, and/or in negligent disregard for the truth, and/or in disregard as to whether or not the announcement was false.

14. The defendant knew, or should have known, that such an publication concerning the plaintiff would have serious effects upon his reputation; that such an announcement would be repeated and re-stated by persons who heard or read it; and that gossip, reports, and rumors affecting the reputation of the plaintiff would result naturally and proximately from such an announcement.

15. Due to the defendant's breach of duty and libel, the plaintiff suffered damages.

WHEREFORE, because defendant has engaged in libel and defamation of the plaintiff. We seek the following as damages and compensation in this matter:

a. As a result of the actions of the Defendants, Plaintiff, suffered pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, and loss of ability to earn money.

-3-

b. Reasonable attorney's fees as determined by the court. (15 U.S.C. § 1681 (o)).

c. Costs of this action. (15 U.S.C. § 1681 (o)).

WHEREFORE, the Plaintiffs demand a trial by jury and judgment compensatory damages, attorney's fees plus the court cost of the action.

## COUNT II
## NEGLIGENT AND/OR INTENTIONAL SLANDER AND DEFAMATION

16. Plaintiffs re-alleges Paragraphs 1-6 above, incorporate those allegations into this Count and adopt these allegations by reference.

17. On or about December 6, 2001, Ms. Mary K. Poquette, an Executive Vice President of VERIFICATIONS INCORPORATED, spoke to James Choate's staff at W. W. Grainger. At the time, she had been fully advised of the mistake made by VERIFICATIONS INCORPORATED, both by telephone and fax three days earlier, (Exhibit "B"), acknowledged same, and undertook the duty to correct same. In this capacity she owed a duty of due care to plaintiff.

18. VERIFICATIONS INCORPORATED, with full knowledge of their previous error, then proceeded to once again publish as fact that plaintiff was **still a convicted criminal**. Mary K. Poquette, acting within the course and scope of her employment with VERIFICATIONS INCORPORATED, specifically told at least one staff member of W. W. Grainger, Inc. That "Mr. Summer's **conviction** was for a misdemeanor charge and not a felony." Due to her conversation, "[the staff member] and Mr. Choate were aware that the **conviction** was for a misdemeanor". This is verified in the attached e-mail message

-4-

announcement would be repeated and re-stated by persons who heard or read it; and that gossip, reports, and rumors affecting the reputation of the plaintiff would result naturally and proximately from such an announcement.

27. Due to the defendant's breach of duty and libel, and violations of the United States Code, the plaintiff suffered damages.

WHEREFORE, because defendant has engaged in libel and defamation of the plaintiff. We seek the following as damages and compensation in this matter:

a. As a result of the actions of the Defendants, Plaintiff, suffered pain and suffering, mental anguish, negative repercussions, embarrassment, inconvenience, loss of capacity for the enjoyment of life, loss of earnings, and loss of ability to earn money.

b. Punitive Damages under 15 U.S.C. § 1681 (n)(a)(2) for willful non-compliance as the court may allow.

c. Reasonable attorney's fees as determined by the court. 15 U.S.C. § 1681 (o).

WHEREFORE, the Plaintiffs demand a trial by jury and judgment compensatory damages, plus allowing for punitive damages due to the conduct of defendant as evidenced by the attached exhibits and the court cost of the action.

Matthew F. Minno
THE MINNO LAW FIRM
2062 Thomasville Road
Tallahassee, FL 32308
(850) 297-0404
Facsimile: (850) 297-0405

-6-

# Verifications

Applicant: **SUMMERS, PHILLIP JACOB**                                    Date Entered:    11/26/01

| County Criminal | PR-11/26/01 |
|---|---|

Source:    **FLORIDA/LEON**                                            Complete

**Review Dates Starting:**     1994
**Ending:**                    2001
**Criminal Search Results:**   A criminal record search must be conducted by an investigator or court clerk at this location. The information was requested on 11/26/01 and will be forwarded upon receipt. Results are generally received within 2-3 business days after a request is made. If additional research is required, a slight delay may be encountered. A typical delay does not exceed an additional 1-2 business days.
-------------------- 11/27/01 Verification Completed ---------------
Using all available identifiers, applicant information was matched by name and date of birth.

Case number: #R199703391AM001
09/12/97  Harassing phone call (Felony)
11/24/97  Guilty

Sentence: 1 Day Jail with 1 day credited, 6 months probation, $195.00 court costs, and $30.00 restitution paid within 60 days.

05/18/98  Probation violation.
06/04/98  Probation terminated.
----------------------------- END -----------------------------
Case number: #R199703391AM002
09/12/97  Harassing phone call (Felony)
10/23/97  Adjudication withheld

Conditions: 1 Day Jail with 1 day credited, 6 months probation, $30.00 restitution, $195.00 court costs and fines.

06/19/98  Probation terminated.

                End of report

EXHIBIT  A

1425 Mickelson Drive, Suite 100, Watertown, SD 57201
Voice #: (605) 884-1200 & (800)247-0717. FAX #: (605) 884-1140 & (800)248-0943
www.verificationsinc.com, info@verificationsinc.com

20 Thomasville Road • Tallahassee, FL 32301
tel. (850) 297-0404 • fax. (850) 297-0405
www.minnolaw.com

MATTHEW F. MINNO
Board Certified Civil Trial Lawyer
mfm@minnolaw.com

MARILYN A. ELLIS
Paralegal
mae@minnolaw.com

December 3, 2001

**VIA FAX (605) 884-1140 AND US MAIL**
Verifications, Inc.
1425 Mickelson Drive, Suite 100
Watertown, S.D. 57201

RE: Phillip Jacob Summers

Dear Verifications, Inc.:

On November 26, 2001 your company issued a libelous statement against Phillip Jacob Summers and published same to W. W. Granger, Inc.

**Attached is your company's report that Mr. Summers is a convicted felon.** In truth, Mr. Granger pleaded no contest to a misdemeanor charge of harassing phone calls. The Florida Department of Law Enforcement print out verifies same. Your reckless and negligent publication is matched by your complete disregard of public records.

At the very least, immediately forward a corrected report on Mr. Summers together with letters of apology to all concerned. The employer which relied upon your defamation stands by your report and advised it was too late for Mr. Summers.

Kindly advise whom from your company could possibly have interpreted a no contest misdemeanor as a felony conviction dated 11/24/97. Your actions are inexcusable.

Very Truly Yours,

Matthew F. Minno
For The Firm

MFM/me

EXHIBIT B

From: "Mary K. Poquette" <mpoquette@verificationsinc.com>
To: <mfm@minnolaw.com>
Cc: "Daniel J. Meuwissen" <danielm@verificationsinc.com>
Sent: Thursday, December 06, 2001 1:05 PM
Subject: Follow-Up to Phone Conversation

> Dear Matt,
>
> Thank you for your time in our phone conversation of earlier today.
> Following our call, I attempted to contact James Choate at Grainger
> Industrial Supply. I spoke with one of the staff members at his office and
> was told that Mr. Choate was in meetings today and part of tomorrow.
>
> I explained the purpose of my call being clarification of a background
> investigation conducted on an applicant. The staff member then asked if I
> was calling about Phillip Summers. I confirmed that was the case and, given
> her knowledge of the situation, stated that I wanted: 1) to reiterate that
> Mr. Summers' conviction was for a misdemeanor charge and not a felony, and
> 2) address the circumstances resulting in the error in our report.
>
> She said she and Mr. Choate were aware that the conviction was for a
> misdemeanor, but that she expected Mr. Choate
> would want to speak with me directly. She advised that he probably would
> not be able to return my call until tomorrow, 12/7/01.
>
> I will update you again following that call. If I can be of any assistance

12/6/2001

> in the meantime, please contact me. Thank you.
>
> Mary Poquette
> Executive Vice President, Compliance
> Verfications, Inc. -- ISO 9001:2000 Certified
> 1-800-295-8757
> Direct: 612-573-3506
> mpoquette@verificationsinc.com
>
>

EXHIBIT C