# EXHIBIT D



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

TYRONE HENDERSON,
on behalf of himself and others
similarly situated,

v.

Civil Action No: 3: 11CV514(REP)

VERIFICATIONS INCORPORATED,

SERVE:    National Registered Agents, Inc.
4001 North Ninth Street, Suite 227
Arlington, VA 22203

## CLASS COMPLAINT

COMES NOW, the Plaintiff, **TYRONE HENDERSON**, on behalf of himself and all similarly situated individuals, and alleges the following claims:

### INTRODUCTION

1.    Tyrone Henderson (hereinafter "Plaintiff") brings this class action against Defendant to obtain relief for himself and the class he proposes to represent for violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, *et seq.*

2.    Defendant operates as a consumer reporting agency to prepare and furnish consumer reports for employment and other purposes. Defendant furnished these consumer reports to prospective and existing employers of the Plaintiff and the putative class. Many of these employers did thereafter refuse to hire or take other adverse action against Plaintiff and other consumers based in whole or in part on the consumer reports.

3. Plaintiff alleges an individual claim under 15 U.S.C. §1681e(b), which required that Defendant use "reasonable procedures to assure maximum possible accuracy" in the publication of Mr. Henderson's consumer report. Plaintiff had received a tentative job offer conditioned upon his employment background check. The background check that Defendant then sold to the employer was grossly inaccurate – most significantly because it reported that the Plaintiff had been convicted of a felony in Westmoreland County, Pennsylvania. Defendant had mixed the criminal history of a stranger with the same first and last name into the Plaintiff's report, even though that person shared nothing else in common. The Plaintiff did not then get the job.

4. Plaintiff also alleges a class claim under 15 U.S.C. §1681k because Defendant did not provide Plaintiff and other similarly situated consumers timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer. Defendant's failure to comply with these long standing requirements denied the Plaintiff and each putative class member these important rights.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction under the FCRA, 15 U.S.C. §1681p and 28 U.S.C. §1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in the district and division.

6.     The Plaintiff is a citizen of Richmond, Virginia and maintains all of the documents relevant to this dispute at his home in Richmond, Virginia.

## PARTIES

7.     Plaintiff is a "consumer" as protected and governed by the FCRA.

8.     Defendant Verifications Incorporated ("*Verifications*") operates as a "consumer reporting agency" as defined and governed by the FCRA.

## FACTUAL ALLEGATIONS

9.     In or around the months of August and September 2009, Plaintiff applied for a job with Interstate Brands Corporation, subject to a background check being conducted.

10.     On or about November 5, 2009, Interstate Brands Corporation requested and received the background check from Defendant (the "Verifications report").

11.     Plaintiff never received a letter or any other communication from the Defendant.

12.     Plaintiff received a letter dated November 17, 2009 from Interstate Brands Corporation with a copy of what the Defendant described as an "Investigative Consumer report" and advised the Plaintiff that a decision had been made not to give his application any further consideration based on information contained in the Consumer Report.

13.     The Verifications report was a "consumer report" governed and as defined by the FCRA.

Page 3

14.    The Verifications report was an "investigative consumer report" because a portion of the report contained and was based upon information regarding the Plaintiff's previous work history, which constituted information regarding his character, general reputation and/or personal characteristics, and was obtained through personal interviews with his previous employers having knowledge concerning such items of information.

15.    Upon information and belief, the Plaintiff alleges that Defendant prepared and furnished the Verifications report when it did not first receive from Interstate Brands Corporation a certification as described and required under 15 U.S.C. § 1681d(a)(2).

16.    Upon receiving and reviewing the report, Plaintiff was surprised to learn that Defendant had inaccurately included a felony criminal record from Westmoreland County, Pennsylvania. The report contained information that did not belong to Plaintiff.  Defendant had inaccurately mixed identity with that of a totally unrelated person.  The inaccurate information included public record information likely to have an adverse affect upon Plaintiff's ability to obtain employment.

17.    Defendant included the felony conviction record in the Plaintiff's consumer report because the actual third party who suffered such a conviction had the same first and last name as the Plaintiff.

18.    However, not withstanding the stranger's first and last name, the record Defendant incorrectly attributed to the Plaintiff evidenced a different address in Pennsylvania and it did not match the Plaintiff's social security number.

19.    In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible.

Page 4

For example, they allowed and/or used very loose match criteria to determine whether to include information pertaining to a stranger with a different social security number living in a different State at a different address within Plaintiff's consumer report.

20.     Defendant's failure to follow these reasonable procedures was a substantial factor in the rejection of Plaintiff's employment application and other related actual harm he suffered. As a result of the consumer report, Interstate Brands Corporation withdrew its conditional offer of employment.

21.     After Defendant furnished the report and Plaintiff received same in late 2009, Plaintiff contacted Defendant and disputed the inaccuracy.

22.     Defendant responded to Plaintiff's dispute and for its results of the investigation it claimed that it had examined the original records in Pennsylvania and thereby verified the accuracy of its reporting.

23.     In fact, after the events alleged herein, the records in Pennsylvania clearly showed that the social security number in the public records did not match that of the Plaintiff. Had Defendant actually contacted the government source, it would have seen this obvious discrepancy.

24.     On information and belief, the Plaintiff alleges that Defendant did not in fact consult the original source of the Pennsylvania public record and that the results of investigation it represented to the Plaintiff were in fact false.

25.     Despite providing a report for employment purposes to Plaintiff's and putative class members' prospective employers containing public record information likely to have an adverse affect upon their ability to obtain or maintain employment, Defendant failed to provide

notice "at the time" of the fact that the public record information was being reported by it, together with the name and address of the person(s) to whom such information was being reported.

26. On information and belief, Plaintiff alleges that Defendant did not attempt for any consumer to follow the option available at 15 U.S.C. §1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g. the Court clerk) immediately before furnishing a report which includes such information. Title 15 U.S.C. §1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

27. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

28. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

29. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

30. Plaintiff alleges that Defendant's conduct as alleged herein was consistent with its established and systematically executed procedures and policies for compliance with the FCRA.

### CLAIMS FOR RELIEF
### COUNT I - VIOLATION OF THE FCRA § 1681k(a)(1)
### (CLASS ACTION)

31. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set

forth at length herein.

32.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this

action for himself and on behalf of a class (the "1681k Class") initially defined as follows:

> All natural persons residing in the United States (including all
> territories and other political subdivisions of the United States) (a.)
> who were the subject of a *Verifications* consumer report (b.) that
> was furnished for an employment purpose, (c.) that contained at
> least one record of a criminal conviction or arrest, civil lien,
> bankruptcy or civil judgment obtained directly from a source other
> than the courthouse or governmental entity that maintains such
> record (i.e. information from a non-governmental database) (d.)
> within two years next preceding the filing of this action and during
> its pendency, and (e.) to whom *Verifications* did not place in the
> United States mail postage pre-paid, on the day it furnished any
> part of the report, a written notice that it was furnishing the subject
> report and containing the name of the person that was to receive
> the report. Excluded from the class definition are any employees,
> officers, directors of Defendant, any attorney appearing in this
> case, and any judge assigned to hear this action.

33.     **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that

joinder of all is impractical. The names and addresses of the Class members are identifiable

through documents maintained by the Defendant, and the Class members may be notified of the

pendency of this action by published and/or mailed notice.

34.     **Existence and Predominance of Common Questions of Law and Fact. FED.**

**R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class.

Without limitation, the total focus of the litigation will be Defendant's uniform conduct and

procedures, whether Defendant sent the required notices, when they did so and whether

Defendant acted willfully in their failure to design and implement procedures to assure compliant

delivery and/or timing of these notices.   Even the appropriate amount of uniform statutory

and/or punitive damages under 15 U.S.C. §1681n is a common question.

35. **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

36. **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

37. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just

one case.

38.     **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

39.     Defendant's failure to timely provide the required FCRA notices to the Plaintiff and other members of the putative class violated 15 U.S.C. §1681k(a)(1).

40.     The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

41.     Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

42.     As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys fees and costs pursuant to §1681n.

## COUNT II - VIOLATION OF THE FCRA § 1681d
### (CLASS ACTION)

43.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

44.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this

action for himself and on behalf of a class (the "1681d Class") initially defined as follows:

> All natural persons residing in the United States (including all
> territories and other political subdivisions of the United States) (a.)
> who were the subject of a *Verifications* consumer report (b.) that
> contained any information that was based upon information
> regarding the consumer's previous work history and was obtained
> through personal interviews with the consumer's previous
> employers, (c.) within two years next preceding the filing of this
> action and during its pendency, and (d.) (1.) the report was
> furnished to the recipient sooner than the end of three days after
> the date on which the report was first requested and/or (2.) the
> report was furnished before *Verifications* did receive a
> certification from the recipient that it had disclosed to the
> consumer in writing that an investigative consumer report might be
> made and the statement of a consumer's FCRA rights created by
> the Federal Trade Commission. Excluded from the class definition
> are any employees, officers, directors of Defendant, any attorney
> appearing in this case, and any judge assigned to hear this action.

45.     **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

46.     **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant sent the required notices, when they did so and whether Defendant acted willfully in their failure to design and implement procedures to assure compliant delivery and/or timing of these notices.   Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

47.      **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

48.      **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

49.      **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

50. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

51. Defendant's furnishing of Investigative Consumer Reports without receiving first the disclosures required by 15 U.S.C. §1681d(a)(2) violated 15 U.S.C. §1681d(1) as to the Plaintiff and other members of the Section 1681d class.

52. The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

53. Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

54. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Section 1681d Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys fees and costs pursuant to §1681n.

## COUNT III - VIOLATION OF THE FCRA § 1681i(a)(6)(A)

### (CLASS ACTION)

55. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

56. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this

action for himself and on behalf of a class (the "1681i(a)(6)(A) Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who disputed to Verifications the accuracy or completeness of a public record (b.) within two years next preceding the filing of this action and during its pendency, and where (c.) Verifications did not contact the governmental agency or entity that created or maintained the public record, but (d.) did represent to the consumer its investigation results that it had done so. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

57.     **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

58.     **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant sent the required notices, when they did so and whether Defendant acted willfully in their failure to design and implement procedures to assure compliant delivery and/or timing of these notices.    Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

59.     **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member.  Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff

is entitled to relief under the same causes of action as the other members of the Class.

60.   **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

61.   **Superiority.**   Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.   Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

62.   **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate

equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

63.     Defendant's procedure by which it does not contact the governmental courthouse or other original source of a public record, using instead its check of a database or a private data source, but represents to the consumer who disputed such a record that it had in fact contacted the governmental agency or entity violated 15 U.S.C. §1681i(a)(6)(A) as to the Plaintiff and other members of the Section 1681i(a)(6)(A) class.

64.     The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

65.     Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

66.     As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Section 1681i(a)(6)(A) Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys fees and costs pursuant to §1681n.

## COUNT IV - FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (INDIVIDUAL CLAIM)

67.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

68.     Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding the Plaintiff.

69.     As a result of this conduct by the Defendant the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

70.     Defendant's violations of 15 U.S.C. §1681e(b) was willful, rendering Defendant liable pursuant to 15 U.S.C. §1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

71.     The Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT V - FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(1)
## (INDIVIDUAL CLAIM)

72.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

73.     Defendant violated 15 U.S.C. §1681i(a)(1) by failing to establish or to conduct a reasonable reinvestigation of the inaccurate Pennsylvania public record after receiving the Plaintiff's dispute.

74.     As a result of this conduct by the Defendant the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel:

loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

75.     Defendant's violations of 15 U.S.C. §1681i(a)(1) were willful, rendering Defendant liable pursuant to 15 U.S.C. §1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

76.     The Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

a.     That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Classes;

b.     That judgment be entered for Plaintiff individually against Defendant for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. §§1681e(b) and 1681i(a)(1), pursuant to 15 U.S.C. §§ 1681n and 1681o;

c.     That judgment be entered for the class against Defendant for statutory damages and punitive damages for violation of 15 U.S.C. §§1681k(a), 1681d(1) and 1681i(a)(1) pursuant to 15 U.S.C. § 1681n;

d.     That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

e.     That the Court grant such other and further relief as may be just and

proper.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,
**TYRONE HENDERSON,**
**for himself and on behalf of all**
**similarly situated individuals.**
By Counsel

Dale W. Pittman, VSB #15673
Attorney for Plaintiff
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb St.
Petersburg, VA 23803-3212
Telephone: (804) 861-6000
Fax: (804) 861-3368
Email: dale@pittmanlawoffice.com

Leonard A. Bennett, VSB #37523
Attorney for Plaintiff
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Phone: (757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@clalegal.com

Christopher Colt North, VSB #16955
Attorney for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Tyrone Henderson, for himself and on behalf of all similarly situated individuals

**(b)** County of Residence of First Listed Plaintiff **Richmond**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Dale W. Pittman, The Law Office of Dale W. Pittman, PC, 112-A W. Tabb St., Petersburg, VA 23803, 804-861-6000

## DEFENDANTS

Verifications Incorporated    3:11CV514

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sec. 1681 et seq.

Brief description of cause:
This claim is filed under the Fair Credit Reporting Act.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE Robert E. Payne

DOCKET NUMBER 3:11cv507

DATE
August 8, 2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Court Name: UNITED STATES DISTRICT COURT
Division: 3
Receipt Number: 34683013887
Cashier ID: lbreeden
Transaction Date: 08/10/2011
Payer Name: LAW OFFICE DALE W PITTMAN PC
------------------------------------
CIVIL FILING FEE
 For: LAW OFFICE DALE W PITTMAN PC
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 2007
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

#3:11-CV-514