IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TYRONE HENDERSON,
for himself and on
behalf of all similarly
situated individuals,

    Plaintiff,

v.                            Civil Action No. 3:11cv507

INTERSTATE BRANDS
CORPORATION,

    Defendant/Third-Party Plaintiff,

v.

VERIFICATIONS INCORPORATED,

    Third-Party Defendant.

**ORDER**

Having reviewed the CROSS-COMPLAINT AND JURY DEMAND OF INTERSTATE BRANDS CORPORATION (Docket No. 13) and VERIFICATIONS, INC.'S MOTION TO DISMISS CROSS-COMPLAINT (Docket No. 18) and the supporting, opposing and reply memoranda, and having examined the provisions of the Federal Rules of Civil Procedure, it is hereby ORDERED that the CROSS-COMPLAINT AND JURY DEMAND OF INTERSTATE BRANDS CORPORATION (Docket No. 13) is dismissed because the putative CROSS-COMPLAINT is simply a Third-Party Complaint which may be brought pursuant to Fed. R. Civ. P. 14 but such a Complaint is not a Cross-Complaint. Cross claims are brought against co-defendants and are governed by Fed. R. Civ. P. 13. Under Fed. R.

Civ. P. 14, a Third-Party Complaint may be filed by a party against a non-party "who is or may be liable to it for all or part of the claim against it."

However, under Fed. R. Civ. P. 14(a)(1), a Third-Party Complaint cannot be filed without leave of Court if the Third-Party Complaint is filed more than fourteen (14) days after the defendant/third-party plaintiff has served its Answer. Here, the putative Third-Party Complaint was served more than fourteen (14) days after Interstate Brands Corporation filed its original Answer; and, therefore, the CROSS-COMPLAINT, e.g. putative Third-Party Complaint, was improperly filed because leave of Court was not secured to file it.

An examination of the CROSS-COMPLAINT indicates that it may assert claims that do not fit within the purview of third-party practice which is to enable a party to bring a complaint against a non-party "who is or may be liable to it for all or part of the claim against it" filed by the plaintiff.

The foregoing observations illustrate that the rules of civil procedure have not been complied with by Interstate Brands Corporation in preparing the CROSS-COMPLAINT, putative Third-Party Complaint.

For the foregoing reasons, the CROSS-COMPLAINT AND JURY DEMAND OF INTERSTATE BRANDS CORPORATION (Docket No. 13 ) is dismissed without prejudice to the filing of a proper Third-Party Complaint

2

and VERIFICATIONS, INC'S MOTION TO DISMISS CROSS-COMPLAINT (Docket No. 18) is denied as moot.

In that regard, counsel are advised to review all proposed claims against the putative Third-Party Defendant to assure that they fall within the proscription and limits of Fed. R. Civ. P. 13(a)(1) and the principles of third-party practice in that they assert a proper basis for contending that the putative Third-Party Defendant is or may be liable to the putative Third-Party Plaintiff for all or part of the claim brought by the plaintiff.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 15, 2011